# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MARIAM WAGDY,

    *Plaintiff*,

v.

JOHN SULLIVAN *et al.*,

    *Defendants*.

Civil Action No. 16-2164 (TJK)

## MEMORANDUM OPINION AND ORDER

Plaintiff Mariam Wagdy, a citizen of Egypt and resident of the United Arab Emirates, has filed claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and the Federal Records Act ("FRA"), 44 U.S.C. § 2101 *et seq.*, against the following defendants: (1) the U.S. Department of State; (2) the U.S. Coast Guard; (3) U.S. Customs and Border Protection; (4) the U.S. Department of Homeland Security; and (5) the heads of the aforementioned agencies in their official capacities. ECF No. 1. Her claims arise out of her contention that Defendants "created and promulgated false information" about her—namely that she was tampering with evidence and obstructing justice—in order to revoke her visa and deny her entry into the United States, where she was expected to be a defense witness in the court martial of Zane Josi, a member of the U.S. Coast Guard. *See id.* ¶¶ 16-20.

Before the Court are Wagdy's motion to amend her complaint, ECF No. 30 ("Mot. to Am."), and Josi's motion to intervene, ECF No. 29 ("Mot. to Int.").[1] In their motions, Wagdy

---

[1] Upon the filing of the instant motions, the Court denied as moot Wagdy's previously-filed motion to amend, ECF No. 25, and Josi's previously-filed motion to intervene, ECF No. 26 ("Orig. Mot. to Int."). *See* Minute Order of March 27, 2018. Josi's motion to intervene incorporates by reference and rests on arguments made in his prior motion. *See* Mot. to Int. at 2 (citing Orig. Mot. to Int.).

and Josi seek to bring claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, against the United States, ECF No. 29-1 ("PSAC") at 1, 13-15 (proposed Counts V and VI), and Josi seeks to bring claims under the Fifth and Sixth Amendments to the U.S. Constitution against all Defendants, *id.* at 15-16 (proposed Count VII). For the reasons stated below, the Court will deny both motions.[2]

I.  **Analysis**

   A.  **Wagdy's Motion to Amend**

Under Federal Rule of Civil Procedure 15(a)(2), if a party may no longer amend her pleading as of right, then she "may amend [her] pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." However, "[c]ourts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss." *Williams v. Lew*, 819 F.3d 466, 471 (D.C. Cir. 2016) (second alteration in original) (quoting *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)). The Court will deny Wagdy's motion to amend her complaint as futile because her proposed FTCA claims are either barred by the FTCA's intentional tort exception or fail to state a claim under the common law of any relevant jurisdiction.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1025 (D.C. Cir. 2006) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "The federal government may waive its sovereign immunity by statute, but that waiver 'must be unequivocally expressed in statutory text.'" *Id.* (quoting *Lane v. Peña*, 518 U.S. 187, 192

---

[2] Wagdy and Josi have each requested a oral hearing. Mot. to Am. at 4; Mot. to Int. at 4. The Court finds in its discretion that such a hearing is unnecessary to resolve their motions. *See* Local Civil Rule 7(f).

2

(1996)).  The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Levin v. United States*, 568 U.S. 503, 506 (2013) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)).  The statute explicitly "makes the United States liable to the same extent as a private individual under like circumstances, under the law of the place where the tort occurred, subject to enumerated exceptions to the immunity waiver." *Id.* at 506-07 (internal citations and quotation marks omitted).  The intentional tort exception bars "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).  However, the exception itself also has an exception: it does not apply to claims arising "out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" with regard to "acts or omissions of investigative or law enforcement officers." *Id.*  The FTCA defines an "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law." *Id.*

1. **FTCA Claims**

    a. **Tortious Interference**

In her motion to amend, Wagdy seeks to bring an FTCA claim against the United States for "tortiously interfer[ing]" with her business and business relationships by rendering her unable to travel to the United States.  PSAC ¶ 68.  However, this claim is barred by the intentional tort exception because tortious interference with business or economic relations is a claim "arising out of . . . interference with contract rights," 28 U.S.C. § 2680(h).  *See Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1154-55 (D.C. Cir. 1985) (claims of interference with "economic relationship with third parties" are "barred as claims arising out of interference with contract rights"); *Husain v. Smith*, No. 15-cv-708, 2016 WL 4435177, at *5 (D.D.C. Aug. 19, 2016)

3

(same); *Bannum, Inc. v. Samuels*, 221 F. Supp. 3d 74, 85 (D.D.C. 2016) (claim that defendants "damage[d]" plaintiff's "ability to obtain new business" barred by the exception (alteration in original)); *Castellanos v. Pfizer, Inc.*, 555 F. Supp. 2d 1343, 1348 (S.D. Fla. 2008) ("tortious interference with business relations" claim barred by the exception). Because Wagdy's tortious interference claim is barred by the intentional tort exception, the Court finds that adding such a claim would be futile.

Interpreting her court filings liberally, Wagdy also apparently seeks to bring claims for (1) tortious interference with personal relationships, PSAC ¶ 68; and (2) "negligent[] interfere[nce] with business relationships," ECF No. 28 at 3. However, Wagdy does not demonstrate, and the Court has not found, any indication that either tort is recognized by the District of Columbia or Florida, the jurisdictions where the tort may have plausibly occurred based on the allegations in the proposed amended complaint, *see* PSAC ¶¶ 28-32. To the contrary, with respect to the claim for negligent interference with business relationships, courts have expressly found that no such tort exists in the District of Columbia and Florida. *See Furash & Co. v. McClave*, 130 F. Supp. 2d 48, 56-57 (D.D.C. 2001); *Heritage Schooner Cruises, Inc. v. Cansler*, No. 13-cv-22494, 2013 WL 5636689, at *1 (S.D. Fla. Oct. 16, 2013). Thus, Wagdy could not bring either tort claim under the FTCA. *See Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 509 (D.C. Cir. 2009) ("[The FTCA] does not create a cause of action against the United States; it allows the United States to be liable if a private party would be liable under similar circumstances in the relevant jurisdiction."); *see also* 28 U.S.C. § 1346(b)(1).[3]

---

[3] Moreover, even if these claims were cognizable torts under District of Columbia or Florida law, they would likely be barred by the FTCA's intentional tort exception because they "ar[ose] out

4

### b. Defamation

Wagdy also describes her FTCA claim against the United States as one for "disseminat[ing] [] false information and contain[ing] it in [the government's] own databases." PSAC ¶ 70. This claim appears to be a "defamation claim against the United States," which "is barred, because suits for libel and slander are prohibited under the [FTCA's intentional tort exception]." *Gardner v. United States*, 213 F.3d 735, 737 n.1 (D.C. Cir. 2000). Thus, allowing Wagdy to bring such a claim would be futile, as well.

In her reply, Wagdy instead characterizes this claim as one for negligence, ECF No. 32 ("Reply") at 3-4, despite the fact that negligence is not explicitly mentioned in her proposed amended complaint, *see* PSAC. But even assuming Wagdy has asserted a negligence claim, the Court still must assess whether it "arises out of" defamation because "[s]ection 2680(h) does not merely bar claims *for* [intentional torts]; in sweeping language it excludes any *claim arising out of* [intentional torts]." *Shearer*, 473 U.S. at 55. In making this determination, "[t]he label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states." *Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) (quoting *Johnson v. United States*, 547 F.2d 688, 691 (D.C. Cir. 1976)). Instead, courts "must scrutinize the alleged cause of [] injury." *Kugel v. United States*, 947 F.2d 1504, 1507 (D.C. Cir. 1991).

In *Kugel*, for example, a plaintiff filed an FTCA suit claiming that the FBI engaged in "negligent conduct" when it disseminated misleading information about its investigation of the plaintiff's business practices. *Id.* at 1506. The D.C. Circuit found that, despite the plaintiff's characterization of the conduct, this claim arose out of defamation and, thus, was barred by the intentional tort exception. *Id.* at 1506-07. Similarly, Wagdy's injury arises from Defendants'

---

of" Wagdy's claim for tortious interference with her business and business relationships. *See* 28 U.S.C. § 2680(h); *United States v. Shearer*, 473 U.S. 52, 55 (1985).

5

purported "disseminat[ion]" of "false information" that she had tampered with evidence and obstructed justice in Josi's court-martial proceeding. PSAC ¶¶ 18, 70. The Court therefore finds that, as in *Kugel*, Wagdy's proposed negligence claim arises out of defamation and is thus barred by the intentional tort exception. *See Kugel*, 947 F.2d at 1506-07; *see also Edmonds*, 436 F. Supp. at 35 ("claims of negligent disclosure, negligent endangerment, negligent infliction of emotional distress, and negligent interference with prospective economic opportunity" were based on the "dissemination of defamatory information" and thus barred by the exception); *Hartwig v. United States*, 80 F. Supp. 2d 765, 768 (N.D. Ohio 1999) (claims "labeled as ones for intentional or negligent infliction of emotional distress" arose out of defamation and were thus barred by the exception). As a result, allowing Wagdy to bring her negligence claim, to the extent that she has even articulated one in her proposed amended complaint, would be futile.

In fact, Wagdy's proposed negligence claim would be futile even if it did not "arise out of" defamation because she has not met the pleading standard by identifying the duty of care owed to her and how that duty was breached. *See Johnson*, 547 F.2d at 695 ("A complaint charging negligence is fatally flawed by an omission to set forth all of the essential elements of the claim."); *Rice v. District of Columbia*, 626 F. Supp. 2d 19, 24 (D.D.C. 2009) (dismissing negligence claims because the complaint failed to allege the breach of a duty of care with respect to those claims).

In her reply, Wagdy also asserts that she has brought an abuse of process claim in her proposed amended complaint, Reply at 2, despite the fact that the complaint makes no explicit mention of such a claim, *see* PSAC. Abuse of process claims are barred by the intentional tort exception unless the claims pertain to "acts or omissions of investigative or law enforcement officers." 28 U.S.C. § 2680(h). Wagdy argues that her abuse of process claim stems from the

actions of U.S. Coast Guard agent Huntington, who allegedly reported false information about her to the State Department. Reply at 2.

However, even assuming Huntington is an investigative or law enforcement officer under the FTCA, Wagdy has not alleged an abuse of process claim as understood by "the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1). Based on Wagdy's proposed amended complaint, that place appears to be either the District of Columbia or Florida. *See* PSAC ¶¶ 28-32. Under the law of either jurisdiction, an abuse of process claim must involve *judicial* process. *See Whelan v. Abell*, 953 F.2d 663, 670 (D.C. Cir. 1992) (Under District of Columbia law, "[t]o establish abuse of process, a plaintiff must show a perversion of the judicial process and achievement of some end not anticipated in the regular prosecution of the charge." (internal quotation marks omitted)); *Blue Dolphin, Inc. v. United States*, 666 F. Supp. 1538, 1541 (S.D. Fla. 1987) (Under Florida law, "[a]n abuse of process claim is proper only when the action results in issuance of some form of process from the *Court* . . . ."). Here, Wagdy alleges that Huntington's reporting of false information about her to the State Department caused her visa to be revoked, denying her entry into the United States. *See* PSAC ¶¶ 17-18. However, neither Huntington's actions nor the consequences of his actions suggest that there was any misuse of a judicial process. *Cf. Martinez v. United States*, No. 13-cv-955, 2014 WL 3610960, at *3 (D. Ariz. Jul. 22, 2014) (finding that report to the State Department that the plaintiff was a drug trafficker, and subsequent denials of the plaintiff's visa requests, did not constitute judicial process for purposes of an abuse of process claim under Arizona law). Wagdy's proposed claim for an abuse of process would be dismissed under the law of either jurisdiction for failure to state a claim and, thus, allowing her to bring such a claim would be futile.

### B. Josi's Motion to Intervene

#### 1. Intervention as of Right

Josi, as a prospective intervenor, seeks to bring an FTCA claim against the United States and constitutional claims against all Defendants. PSAC at 14-16. He has moved to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Orig. Mot. to Int. at 4-6. Under Rule 24(a)(2), a proposed intervenor must satisfy four essential elements to intervene as of right: "(1) timeliness [of his motion]; (2) a cognizable interest [relating to the property or transaction which is the subject of the action]; (3) impairment of that interest; and (4) lack of adequate representation by existing parties." *Parker v. John Moriarty & Assocs.*, 319 F.R.D. 18, 21 (D.D.C. 2016) (citing *Smoke v. Norton*, 252 F.3d 468, 470 (D.C. Cir. 2001)). A proposed intervenor's interest must be "legally protectable" or, in other words, "of such a direct and immediate character that [he] will either gain or lose by the direct legal operation and effect of the judgment." *In re Endangered Species Act Section 4 Deadline Litig.*, 270 F.R.D. 1, 5 (D.D.C. 2010) (quoting *United States v. AT&T*, 642 F.2d 1285, 1291-92 (D.C. Cir. 1980)). "In determining whether a [proposed intervenor's] interests will be impaired by an action, the courts in this circuit look to the 'practical consequences' to [him] of denying intervention." *Schoenborn v. WMATA*, 247 F.R.D. 5, 8 (D.D.C. 2007) (quoting *Am. Horse Prot. Ass'n v. Veneman*, 200 F.R.D. 153, 158 (D.D.C. 2001)).

Here, Josi claims that "[t]he outcome of this action would, both practically and legally, impair or impede [his] ability to protect his interests in the future." Orig. Mot. to Int. at 5. However, Josi does not clearly identify what specific, legally protectable interests are at stake in the adjudication of Wagdy's APA and FRA claims. *See id.* Josi states that there is a "significant concern" that collateral estoppel might affect "future actions" he may bring against Defendants. *Id.* But the resolution of Wagdy's claims would not have any preclusive effect on Josi's future

8

actions because he is not currently a party to Wagdy's case, and there is no indication that he and Wagdy are in privity. *See United States v. Emor*, 785 F.3d 671, 677 (D.C. Cir. 2015) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.7 (1979)). Thus, the Court denies Josi's request to intervene as of right. *See Schoenman v. FBI*, 263 F.R.D. 23, 25 (D.D.C. 2009) (denying request to intervene where movant "ha[d] not set forth any specific interest with respect to the instant . . . action nor . . . explained how disposition of" plaintiff's claims would have "impede[d] his ability to protect any specific interest of his own").

### 2. Permissive Intervention

In the alternative, Josi has moved for permissive intervention pursuant to Rule 24(b)(1)(b). Orig. Mot. to Int. at 6-7. Under Rule 24(b), a proposed intervenor may intervene, with the court's permission, if he demonstrates "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Sevier v. Lowenthal*, No. 17-cv-570, 2018 WL 1472495, at *4 (D.D.C. Mar. 26, 2018) (quoting *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). A court "may deny permission to intervene even if the applicant satisfies the necessary criteria." *In re Endangered Species Act*, 270 F.R.D. at 6 (citing *Nat'l Children's Ctr.*, 146 F.3d at 1048). "In exercising its discretion [to grant permissive intervention], the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, Josi has not demonstrated an independent grounds for subject matter jurisdiction because his claims are barred by the federal government's sovereign immunity. "'Sovereign immunity is jurisdictional in nature,' so a claim barred by sovereign immunity lacks subject

9

matter jurisdiction . . . ." *Edwards v. United States*, 211 F. Supp. 3d 234, 236 (D.D.C. 2016) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).

First, interpreting his filings liberally, Josi seeks to bring an FTCA claim against the United States for (1) "tortiously interfer[ing]" with his trial by "tortuously [sic] interfering" with Wagdy's lawful travel to the United States, PSAC ¶ 75; and (2) "abuse of process and malicious prosecution" related to his trial, Reply at 2. The trial at issue was a U.S. Coast Guard court-martial proceeding brought against him pursuant to the Uniform Code of Military Justice ("UCMJ"). PSAC ¶ 18; *see* ECF No. 23-1 (opinion and order in *United States v. EMC Zane Josi*). However, under the *Feres* doctrine, which "carve[s] out an additional exception" to the FTCA, "the Government is not liable . . . for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Schnitzer v. Harvey*, 389 F.3d 200, 202 (D.C. Cir. 2004) (quoting *Feres v. United States*, 340 U.S. 135, 146 (1950)). Court-martial proceedings against a servicemember subject to the UCMJ, such as the one brought against Josi, arise out of or are incident to military service. *See Velasco v. United States*, 585 F. Supp. 2d 1, 5 (D.D.C. 2008) ("Plaintiff's conviction, sentence, and incarceration pursuant to the [UCMJ] necessarily arose out of or was incident to . . . service." (citing *Schnitzer v. Harvey*, 389 F.3d 200 (D.C. Cir. 2004)). Thus, under the *Feres* doctrine, Josi's FTCA claim is barred by sovereign immunity.

Josi also seeks to bring claims against Defendants under the Fifth and Sixth Amendments to the U.S. Constitution, PSAC ¶¶ 82-83, for money damages, *id.* at 16.[4] Generally, such suits

---

[4] Josi asserts in his reply that he is also seeking "declaratory and injunctive judgment against the Defendants" for their purported constitutional violations of his Fifth and Sixth Amendment rights, Reply at 8 (citing PSAC at 16, Prayer for Relief, Sections (b), (c)). But the record belies this assertion. The relief to which Josi apparently refers are requests in the proposed amended

are barred by sovereign immunity. *Benoit v. U.S. Dep't of Agric.*, 608 F.3d 17, 20 (D.C. Cir. 2010). Although Josi does not make explicit his cause of action, *see* PSAC; Mot. to Int., he suggests in his reply that his proposed claim is a *Bivens* claim, *see* Reply at 7-8. However, a plaintiff may not bring a *Bivens* claim against federal agencies or officials in their official capacity. *See Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011) ("It is well established that *Bivens* remedies do not exist against officials sued in their official capacities."); *Ascom Hasler Mailing Sys., Inc. v. USPS*, 815 F. Supp. 2d 148, 161 (D.D.C. 2011) ("[I]t is established that *Bivens* . . . does not provide a cause of action for money damages against federal agencies that allegedly violate the Constitution."). Because Josi has only named federal agencies and officials in their official capacities as defendants, PSAC at 1-3, his constitutional claims are barred by sovereign immunity. *See Benoit*, 608 F.3d at 20. Moreover, even if Josi had brought suit against these officials in their individual capacities, his *Bivens* claims, like his FTCA claim, would be barred under the *Feres* doctrine because they arose out of or occurred in the course of his court-martial proceeding. *See United States v. Stanley*, 483 U.S. 669, 684 (1987) ("[N]o *Bivens* remedy is available for injuries that 'arise out of or are in the course of activity incident to

---

complaint for a "declaration that the information against Plaintiff Wagdy is false" and an "injunction against Defendants prohibiting the maintenance of the false information in any government databases." PSAC at 16. But the proposed amended complaint makes clear that this relief is requested by Wagdy, not Josi—indeed, it is set forth in detail in Count III (declaratory relief) and Count IV (injunctive relief) which are brought by Wagdy alone. *See id.* at 12-13. Moreover, this relief addresses Wagdy's claims regarding the purportedly false information about her in government databases. In contrast, it would not affect Josi or address the alleged constitutional injury that he suffered at his court-martial at all. Josi himself has conceded that "he is not seeking a review of his court-martial, nor … is he seeking an injunction against a court-martial." Reply at 8. In light of all of the above, the Court concludes that, despite Josi's representation in his reply, he has only brought a constitutional claim for money damages in the proposed amended complaint.

service.'" (quoting *Feres*, 340 U.S. at 146)).  Josi has simply not articulated any cognizable basis under which the Court has subject matter jurisdiction over his constitutional claims.

## II. Conclusion and Order

For the foregoing reasons, Court **DENIES** Wagdy's motion to amend her complaint, ECF No. 30, and **DENIES** Josi's motion to intervene, ECF No. 29.

**SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: May 18, 2018