# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARIAM WAGDY,

        *Plaintiff,*

    v.

JOHN SULLIVAN *et al.*,

        *Defendants.*

Civil Action No. 16-2164 (TJK)

## MEMORANDUM OPINION

Plaintiff Mariam Wagdy, a noncitizen, filed the instant lawsuit alleging violations of the

Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and the Federal Records Act

("FRA"), 44 U.S.C. § 2101 *et seq.*, by the following entities and individuals: (1) the U.S.

Department of State (the "State Department"); (2) the U.S. Coast Guard (the "USCG"); (3) U.S.

Customs and Border Protection; (4) the U.S. Department of Homeland Security; and (5) the

heads of the aforementioned agencies in their official capacities. ECF No. 2 ("Compl.")

(collectively, the "Defendants"). The gravamen of Wagdy's complaint is that Defendants

"created and promulgated false information" about her—namely that she was tampering with

evidence and obstructing justice in a court-martial proceeding—in order to revoke her visa and

deny her entry into the United States to tesify at that proceeding. *Id.* ¶¶ 16-20. Wagdy seeks an

injunction "prohibiting the maintenance of the false information in any government databases,"

and a declaration that the information is, in fact, false. *Id.* at 13.

Before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction

or, in the alternative, for failure to state a claim. ECF No. 22 ("Mot."). For the reasons stated

below, the Court will grant the motion, and dismiss the complaint for failure to state a claim under either the APA or FRA.[1]

## I.  Background

Wagdy, a citizen of Egypt and resident of the United Arab Emirates, is a frequent traveler to the United States.  Compl. ¶¶ 6, 11, 14, 15.  According to her complaint, on or about April 23, 2016, an "Agent Huntington" of the USCG Investigative Services falsely informed the State Department that she had tampered with evidence and obstructed justice, in order to prevent her from testifying on behalf of a defendant in a USCG court-martial proceeding.  *Id.* ¶¶ 16-17.  Agent Huntington and the USCG allegedly persisted in these efforts for the next several months, leading the State Department to "place[] certain false and derogatory information into various government databases," which resulted in the revocation of Wagdy's visa on the eve of the proceeding.  *Id.* ¶¶ 19-20, 24.

On August 6, 2016, the military judge presiding over the court martial found that USCG agents did, in fact, send "at least some . . . false information" to the State Department that led to Wagdy's inability to enter the United States and testify.  *Id.* ¶ 30; ECF No. 23-1 ("Court-Martial Order") at 4.  As a result, the judge imposed evidentiary penalties on the prosecution.  Court-Martial Order at 5-6.  Afterwards, the USCG allegedly continued to pressure the State Department to ensure that Wagdy could "never again be eligible to apply for a visa to the United States."  Compl. ¶ 29.

According to the complaint, Wagdy has unsuccessfully reapplied for a visa four times since the revocation of her visa.  *Id.* ¶ 32.  She attributes the denials of her applications to the

---

[1] Wagdy has requested a hearing on the motion.  ECF No. 23 ("Opp.") at 1.  The Court finds that such a hearing is unnecessary.  *See* Local Civil Rule 7(f).

"false and derogatory information" about her that purportedly still resides in government databases. *Id.* ¶ 38. Prior to each denial, Wagdy asked the U.S. consulate to remove this information, or at least not consider it in its visa determination, but she asserts these requests were ignored. *Id.* ¶¶ 34-37.

On November 1, 2016, Wagdy filed this action against Defendants for alleged violations of the APA and FRA. ECF No. 1; Compl. In her complaint, she seeks an injunction "prohibiting the maintenance of the false information in any government databases," and a declaration that the information is, in fact, false. Compl. at 13.[2] On March 9, 2017, Defendants moved to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. Mot.; Opp.; ECF No. 24 ("Reply").

## II.     Legal Standard

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint; it does not require a court to 'assess the truth of what is asserted or determine whether a plaintiff has any evidence to back up what is in the complaint.'" *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017) (quoting *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)). "In evaluating a Rule 12(b)(6) motion, the Court must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). "But the Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Id.* "To survive a motion to

---

[2] Although Wagdy claims to have "suffered direct economic and non-economic damages in her personal life and business ventures" as a result of her inability to obtain a visa, Compl. ¶ 25, she does not appear to seek damages in this suit, *see id.* at 13.

dismiss, a complaint must have 'facial plausibility,' meaning it must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III.    Analysis

The Court agrees with Defendants that Wagdy has failed to state a claim, and will dismiss her complaint on that basis.

### A.    FRA Claim (Count II)

"The Federal Records Act is a collection of statutes governing the creation, management, and disposal of records by federal agencies." *Pub. Citizen v. Carlin*, 184 F.3d 900, 902 (D.C. Cir. 1999) (citing 44 U.S.C. §§ 2101-2118, 2901-2909, 3101-3107, 3301-3324). The FRA was "enacted to ensure, *inter alia*: (1) 'efficient and effective records management'; (2) '[a]ccurate and complete documentation of the policies and transactions of the Federal Government'; and (3) '[j]udicious preservation and disposal of records.'" *Citizens for Responsibility & Ethics in Wash. v. SEC*, 858 F. Supp. 2d 51, 55 (D.D.C. 2012) (alterations in original) (quoting 44 U.S.C. § 2902). Under the FRA, the head of each agency has a duty to "make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures and essential transactions of the agency . . . ." 44 U.S.C. § 3101. It is well established that the FRA "does not contain an express or implied private right of action." *Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 954 (D.C. Cir. 2016) (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 148-50 (1980)).

Count II of the complaint alleges that Defendants violated 44 U.S.C. § 2904. *See* Compl. at 11 ("Count II – Violations of 44 U.S.C. § 2904"). Elsewhere, the complaint also hints at a claim arising under 44 U.S.C. § 2902. *See* Compl. ¶ 1. But regardless of which FRA provision

Wagdy may point to as the source of her claim, it is well settled that the statute does not contain an express or implied cause of action. *Judicial Watch*, 844 F.3d at 954. A plaintiff cannot state a claim under a statute that does not contain a cause of action. *See, e.g., Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 219 F. Supp. 2d 20, 33-34 (D.D.C. 2002). Thus, in seeking relief under the FRA itself in Count II (as opposed to through the APA), Wagdy has failed to state a claim.

### B. APA Claim (Count I)

The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. As a threshold matter, "the person claiming a right to sue must identify some 'agency action' that affects him in the specified fashion; it is judicial review 'thereof' to which he is entitled." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990); *see* 5 U.S.C. § 704. "Under the APA, 'agency action' is a defined term, limited to an 'agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act.'" *Indep. Equip. Dealers Ass'n v. EPA*, 372 F.3d 420, 428 (D.C. Cir. 2004) (quoting 5 U.S.C. § 551(13)). While "[t]his list is expansive" and "meant to cover comprehensively every manner in which an agency may exercise its power," the D.C. Circuit has "long recognized that the term [agency action] is not so all-encompassing as to authorize [courts] to exercise judicial review over everything done by an administrative agency." *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 19 (internal quotation marks omitted). If a plaintiff has not shown an "agency action," the APA claim must be dismissed for failure to state a claim. *Id.* at 18 & n.4.

Here, Wagdy does not challenge the revocation of her visa, nor does she challenge the denials of her subsequent applications for a visa, which undeniably constitute "agency actions"

under the APA. *See, e.g., IQ Systems, Inc. v. Mayorkas*, 667 F. Supp. 2d 105, 109 (D.D.C. 2009) (agency's decision to deny plaintiff's visa petition was a "[f]inal agency action"). Instead, as set forth in Count I of her complaint, she challenges "Defendants['] decision to create and maintain the false and derogatory information [about her] in government databases." Compl. ¶ 48. However, this "decision" is simply not an "agency action" that is reviewable under the APA. *See* 5 U.S.C. § 551(13). An agency's decision to collect and store information in a government database, without more, is clearly not a "rule," "order," "license," "relief," or "the equivalent thereof." *Id.* § 551(4), (6), (8), (11), (13). Nor is it a "sanction," which requires some "compulsory or restrictive action." *Id.* § 551(10). The alleged storage of "false and derogatory information" about Wagdy in government databases does not, in and of itself, compel or restrict her in any way. Compl. ¶ 63.

At most, the alleged decision by Defendants to store "false and derogatory information" in government databases could be viewed as as a step in *anticipation* of agency action regarding Wagdy's visa (which, to repeat, she does not challenge here). *Id.* ¶ 48. But this does not make this decision itself an agency action. Indeed, the D.C. Circuit has noted that "[m]uch of what an agency does is in anticipation of agency action," *Fund for Animals*, 460 F.3d at 19-20 (agency's approved budget request relating to one of its programs was not agency action); *see also Gifford-Hill & Co. v. FTC*, 523 F.2d 730, 732-33 (D.C. Cir. 1975) (agency's decision to bring an adjudicatory proceeding against the plaintiff was not agency action). And it has held that actions done "in anticipation" of an "agency action" are not, in and of themselves, agency actions reviewable under the APA. *See Fund for Animals*, 460 F.3d at 19-20. Because Count I does not allege an "agency action" reviewable under the APA, it must be dismissed for failure to state a claim.

In the alternative, Wagdy's complaint could be construed as challenging agency *inaction* under the APA. She has requested, for example, that this Court compel Defendants to take affirmative action they have withheld, namely the removal of "false and derogatory information" about her from government databases. Compl. at 13; *see* 5 U.S.C. § 706(1) (a court is authorized to "compel agency action unlawfully withheld or unreasonably delayed"). Defendants appear to interpret her complaint as challenging agency inaction. *See* Mot. at 11-12. However, to the extent that Wagdy challenges Defendants' inaction under the APA, she has also failed to state a claim.

The Supreme Court has held that agency inaction "is reviewable only where the agency fails to take a 'discrete' action it is legally required to take." *Pub. Citizen, Inc. v. FERC*, 839 F.3d 1165, 1172 (D.C. Cir. 2016) (quoting *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 62-63 (2004)). "Action is 'legally required' if the [relevant] statute provides a 'specific, unequivocal command' to an agency or 'a precise, definite act . . . about which [an official has] no discretion whatever.'" *Id.* (second alteration in original) (quoting *Norton*, 542 U.S. at 63). In Count I, however, Wagdy cites no legal requirement that compels the State Department to delete the information she identifies. Although not specifically mentioned in Count I, the only other statute mentioned in the complaint that could conceivably be the source of such a discrete duty is the FRA. *See* Compl. at 11-12; *id.* ¶ 1.[3] However, as explained in more detail below, the

_____

[3] Defendants attempt to characterize Wagdy's APA claim as predicated on a violation of the Privacy Act, 5 U.S.C. § 552a, and they assert that it is therefore precluded because an "adequate remedy" is available under that statute. *See* Mot. at 9-11; Reply at 4-5 (citing *Wilson v. McHugh*, 842 F. Supp. 2d 310, 320 (D.D.C. 2012)). However, Wagdy has made clear that she "does not allege a violation of the Privacy Act." Opp. at 8; *id.* ("[Wagdy] never even utters the term, 'Privacy Act' in her complaint."). As such, the Court declines to construe her complaint as doing so.

complaint fails to set forth facts establishing that Defendants have failed to take any action required by the FRA.

The complaint alleges that Defendants violated two provisions of the FRA: 44 U.S.C. §§ 2904 and 2902. *See* Compl. at 11-12; *id.* ¶ 1. Section 2904, entitled "General responsibilities for records management," outlines the general responsibilities of the Archivist of the United States (the "Archivist") and the Administrator of General Services, neither of whom is named in the complaint. These responsibilities include offering certain "guidance and assistance to Federal agencies." 44 U.S.C. § 2904(a), (b). In contrast, the provision does not outline any of Defendants' responsibilities, or otherwise impose on them any duty to take discrete action.

Section 2902, entitled "Objectives of records management," merely recognizes the statute's purpose: to "require the establishment of standards and procedures to assure efficient and effective records management," and further notes that those standards should seek to implement certain goals. *See id.* § 2902. Again, Wagdy has not shown that this provision requires Defendants to take any discrete action. *Cf. Rothe v. DOD*, 836 F.3d 57, 66 (D.C. Cir. 2016) (finding that statutory provision entitled "Declaration of policy" may "contribute to a general understanding of a statute, but, unlike the provisions that confer and define agency powers, they are not an operative part of the statute" (internal quotation marks omitted)). As such, to the extent that Count I is based on agency inaction, the complaint fails to state an APA claim under either FRA provision it references.

In Wagdy's opposition, she claims that this Court "can ensure the agency's conformance with the FRA in removing the false record" pursuant to 44 U.S.C. § 2905(a), an FRA provision mentioned nowhere in her complaint. Opp. at 13. But it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Jung v. Ass'n of Am. Med.*

*Colleges*, 300 F. Supp. 2d 119, 163 (D.D.C. 2004) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).  And even if the Court were to consider an APA claim based on this part of the FRA, it would not save Wagdy's complaint.

Under § 2905(a), the Archivist is obligated to "notify the head of a Federal agency of any actual, impending, or threatened unlawful removal, defacing, alteration, or destruction of records in the custody of the agency . . . and assist [her] in initiating action through the Attorney General for the recovery of records unlawfully removed and for other redress provided by law."  44 U.S.C. § 2905(a).  Moreover, if the agency head "does not initiate an action for such recovery or other redress within a reasonable period of time after being notified of any such unlawful action," the Archivist must "request the Attorney General to initiate such an action."  *Id.*  In sum, this provision seeks to prevent the unlawful removal of existing records and prescribes a process for the Archivist to follow in recovering records already unlawfully removed.  *See Armstrong v. Exec. Office of the President, Office of Admin.*, 1 F.3d 1274, 1279 (D.C. Cir. 1993). It does not impose any duties on Defendants, much less require them to take any discrete action.   Indeed, while the provision is designed to *prevent* the removal of records, the complaint *seeks* the removal of a record (albeit an allegedly "false and derogatory" one).  Compl. ¶ 63.  By its own terms, then, § 2905(a) has no relevance to this case.

For the reasons stated above, the Court concludes that Wagdy's APA claim (Count I) must be dismissed for failure to state a claim.

### C.    Declaratory Judgment (Count III) and Injunctive Relief (Count IV)

Wagdy's complaint also contains two additional counts: one for a declaratory judgment, Compl. ¶¶ 54-59 (Count III), and another for injunctive relief, *id.* ¶¶ 60-63 (Count IV). However, requests for relief are not separate causes of action.  *See Base One Techs., Inc. v. Ali*,

78 F. Supp. 3d 186, 199 (D.D.C. 2015) (injunctive relief); *Malek v. Flagstar Bank*, 70 F. Supp. 3d 23, 28 (D.D.C. 2014) (declaratory judgment). Therefore, these Counts are not standalone claims, but rather requests for relief in conjunction with Counts I and II. For reasons already explained, they fail to state a claim under the APA or the FRA.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss, ECF No. 22, is **GRANTED.** This action will be dismissed for failure to state a claim, in a separate order.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 11, 2018